IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **LAND FINANCE COMPANY,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | **CV-05-BE-1678-E** |
| | ] | |
| **SADDLE CREEK FARMS, INC.,** | ] | |
| **SADDLE CREEK FARMS, INC.** | ] | |
| **PROFIT SHARING PLAN &** | ] | |
| **TRUST, and GARY L. THOMPSON,** | ] | |
| **SR.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Plaintiff's Motion for Summary Judgment (doc. 14). For the reasons set forth below, the court finds that the Motion is due to be **GRANTED**.

### BACKGROUND

Plaintiff Land Finance Company is a Delaware corporation with its principal place of business in Massachusetts. Defendant Saddle Creek Farms, Inc., ("Saddle Creek") is an Alabama corporation with its principal place of business in Talladega, Alabama. Defendant Saddle Creek Profit Sharing and Trust ("the Trust") is a trust organized under the laws of Alabama, with its principal place of business in Talladega, Alabama. Defendant Gary L. Thompson is the President of Saddle Creek Farms and is a trustee of the Trust. Thompson is an Alabama citizen.

On June 22, 2001, Plaintiff loaned Saddle Creek up to $400,000.00 pursuant to a revolving credit facility. To evidence this agreement, Saddle Creek executed a note ("Note 1") in

favor of Plaintiff, promising to repay the loan. On that same day, Plaintiff loaned the Trust up to $100,000.00 pursuant to a revolving credit facility. To evidence this agreement, the Trust executed a note ("Note 2") in favor of Plaintiff, promising to repay the loan.

Also on June 22, 2001, Plaintiff entered into four separate guarantees on Notes 1 and 2. First, Saddle Creek executed a guarantee ("Guarantee 1") in favor of Plaintiff, whereby Saddle Creek guaranteed the payment and performance of the Trust with respect to Note 2. Next, the Trust executed a guarantee ("Guarantee 2") in favor of Plaintiff, whereby the Trust guaranteed the payment and performance of Saddle Creek with respect to Note 1. Finally, Thompson executed guarantees ("Guarantee 3 and 4") in favor of Plaintiff, whereby Thompson guaranteed the payment and performance of Saddle Creek and the Trust with respect to Notes 1 and 2.

On October 20, 2004, Plaintiff sent correspondence to Defendants, giving them notice of their default on the Notes, notice of acceleration of the debt, and demanding payment in full for the outstanding indebtedness. Plaintiff did not receive a response. On July 21, 2005, Plaintiff again sent correspondence to Defendants, notifying them of the default, acceleration, and demand for payment. Because payment was never received, Plaintiff filed this lawsuit on August 8, 2005.

During discovery, on January 6, 2006, Plaintiff served each Defendant with Requests for Admissions. These Requests asked whether Defendants (1) executed the Notes; (2) received loan proceeds; (3) defaulted on the loans; (4) failed to satisfy the debt owed under the Notes; (4) executed the Guarantees; and (5) defaulted on the obligations owed under the Guarantees. Defendants did not respond to these Requests.

On March 3, 2006, Plaintiff filed a Motion for Summary Judgment (doc. 14). Plaintiff argues that no issue of disputed fact exists because, by not responding to the Requests for Admission, Defendants admitted the facts necessary to establish their liability. Plaintiff contends

that, as a matter of contract law and federal procedural law, summary judgment is appropriate. Defendants filed a Response (doc. 19), to which Plaintiff submitted a Reply (doc. 22).

## STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [his] pleadings." *Id*.

## DISCUSSION

### I. Requests for admissions and issues of fact.

Plaintiff argues that no genuine issue of material fact exists because Defendants did not

respond to the Requests for Admissions.  In their Response, Defendant do not address why they failed to respond to the Requests.  Instead, they argue that the Motion should be denied because (1) Plaintiff breached its own obligations under a Servicing Agreement[1] dated June 22, 2001; and (2) Defendants signed the documents without the benefit of counsel.  For the reasons set forth below, the court finds Defendants' arguments are without merit.

>   Fed. R. Civ. P. 36 provides, in pertinent part, that
>
>   [e]ach matter of which an admission is requested shall be separately set forth.  The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.
>
>   \*       \*       \*
>
>   Any matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission.

Fed. R. Civ. P. 36(a) & (b) (emphasis added).  The 1970 Amendment to Rule 36 explains the rationale behind these provisions:

>   [these] provisions give an admission a conclusively binding effect, for purposes only of the pending action, *unless the admission is withdrawn or amended*.  In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party.  Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.
>
>   Provision is made for withdrawal or amendment of an admission.  This provision emphasizes the importance of having the action resolved on the merits, while at

---

[1]The Servicing Agreement requires Plaintiff to provide collection services with respect to each account receivable that becomes more than 10 days past due.  *See* Resp., Ex. B.  The court notes that the only Servicing Agreement in the record is between Plaintiff and the Trust.  Neither party submitted Servicing Agreements between Plaintiff and Saddle Creek Farms or Plaintiff and Thompson.

> the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.

Fed. R. Civ. P. 36 advisory committee's note (emphasis added, internal citations omitted).

In *United States v. 2204 Barbara Lane*, 960 F.2d 126 (11th Cir. 1992), the Eleventh Circuit addressed a case that is procedurally similar to this one.  In that case, the federal government filed a complaint seeking the forfeiture of real property that was allegedly used to facilitate the sale of illegal narcotics.  *Id*. at 128.  The claimant filed a claim to the property and answered the government's complaint.  *Id*.  The government then served the claimant's counsel with twenty requests for admission, requesting that the claimant admit he used the property to sell drugs.  *Id*.  Neither claimant nor his counsel responded.  *Id*.

The district court granted summary judgment in favor of the government because (1) the facts were not in dispute; and (2) the claimant was collaterally estopped from raising the lawfulness of a matter present in the underlying criminal proceeding.  *Id*.  The claimant appealed solely on the latter basis.  *Id*.  The Eleventh Circuit affirmed, and did not entertain claimant's argument regarding collateral estoppel because the claimant's "failure to respond to the government's requests for admissions conclusively established the government's case."  *Id*.  The court stated that Fed. R. Civ. P. 56(c) mandates entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and *admissions on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact...."  *Id*. at 129 (emphasis in original).  The court noted that the district court properly determined that "the facts [were] not in dispute."  *Id*.  Specifically, the claimant "never responded to the government's requests for admissions, thereby admitting that he used the property to facility illegal drug trafficking."  *Id*.; *see also Stubbs v. Commissioner of Internal Revenue Svc.*, 797 F.2d 936, 938 (11th Cir. 1986)


(affirming summary judgment when taxpayer failed to respond to requests for admission.)

Similarly, in this case, Defendants filed an Answer to Plaintiff's Complaint. Thereafter, Plaintiff served each Defendant with Requests for Admission. That Defendants did not respond to those Requests is undisputed. No evidence exists that Defendants sought (1) an extension of time to answer those requests, or (2) to withdraw or amend any response to the Requests. The first time that Defendants attempted to dispute the facts established by their failure to respond to the Requests was in their Response to Plaintiff's Motion for Summary Judgment. Accordingly, this court holds that, pursuant to Fed. R. Civ. P. 36 and *Barbara Lane*, Defendants' failure to respond to Plaintiff's Requests for Admission conclusively established their liability under the Notes and Guarantees.

Even though Defendants do not deny their failure to respond to Plaintiff's Requests for Admission, and do not address the principle that failure to respond is deemed to be an admission, Defendants endeavor to counter Plaintiff's Motion for Summary Judgment. In their Response brief, Defendants attempt to dispute the facts asserted in Plaintiff's Motion, and contend that their failure to perform under the Notes and Guarantees is excused because of Plaintiff's alleged breach of the Serving Agreement. These arguments are not persuasive for two reasons:

First, other circuits have held that "Rule 36 admissions, whether express *or by default*, are conclusive as to the matters admitted, they *cannot be overcome at the summary judgment stage* by contradictory affidavit testimony or other evidence in the summary judgment record." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (emphasis added); *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) ("a party cannot attack issues of fact established in admissions by resisting a motion for summary judgment.") Although no Eleventh Circuit precedent is directly on point, the court thinks the Eleventh Circuit would likely follow the Fifth Circuit's holding in

*Carney* because of the similar judicial philosophies between the two circuits. Consequently, Defendants admitted, by default, that (1) they executed the Notes; (2) received loan proceeds; (3) defaulted on the loans; (4) failed to satisfy the debt owed under the Notes; (5) executed the Guarantees; and (6) defaulted on the obligations under the Guarantees. Because Defendants admitted the facts necessary to establish their liability, they can not defeat summary judgment by relying on affidavits or other evidence in the record.

Second, Defendants argue, in their Response, that "without the collection activities [at issue in the Servicing Agreement] of the Plaintiffs [sic] the contract cannot be performed properly. The result is effectively *loss of consideration* and the performance of the contract is excused – under Alabama, Massachusetts, or basic rules of common law."[2] However, the Rules of Civil Procedure require a party filing an Answer to affirmatively set forth certain affirmative defenses. *See* Fed. R. Civ. P. 8(c). Failure of consideration is an affirmative defense. *Id*. Defendants did not affirmatively plead failure of consideration in their Answer, nor did it appear in any subsequent pleading/submission until their Response to Plaintiff's Motion for Summary Judgment. Consequently, Defendants' claims on this issue are untimely. *See Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1012 (11th Cir. 1982) (failure to plead an affirmative defense constitutes a waiver of such defense pursuant to Federal Rule of Civil Procedure 8).

The court concludes that no issue of material fact exists because Defendants failed to respond to Plaintiff's Requests for Admissions. Alternatively, the arguments offered in Defendants' Response to Plaintiff's Motion for Summary Judgment were (1) waived because

---

[2] Defs.' Resp. to Pl.'s Mot. for Summ. J., p. 7 (emphasis added).

they were not pled as an affirmative defense, or (2) do not create an issue of fact.[3]

**II. Judgment as a matter of law.**

Through the Requests for Admissions, Plaintiff established that Defendants (1) executed the Notes; (2) received loan proceeds; (3) defaulted on the loans; (4) failed to satisfy the debt owed under the Notes; (5) executed the Guarantees; and (6) defaulted on the obligations owed under the Guarantees. Defendants have not offered anything to dispute these facts. Accordingly, summary judgment is appropriate if, as a matter of law, Plaintiff would prevail on these undisputed facts.

In this case, the parties are bound by Massachusetts contract law.[4] In Massachusetts, the signer or maker of a promissory note "undertakes to pay it according to its terms." *Ruane v. Jancsics*, 2001 WL 608523, *2 (Mass. App. Div. 2001). Upon default, where the borrower has granted the lender a security interest, the lender has the "right to obtain judgment against the borrower without looking to the collateral at all."[5] *First Republic Corp. of America v. Baybank*, 424 Mass. 704, 707-08 (Mass. 1977). Additionally, a plaintiff seeking to recover on a note establishes a *prima facie* case by presenting a note executed by the defendant, that was for valuable consideration, with amounts due and owing on it. *Rhode Island Hospital Trust Nat'l*

---

[3]The court finds that Defendants' other arguments, namely (1) the disputes with Plaintiff's Statement of Facts that refer generally to the Notes or Guarantees, (2) the self-serving affidavit statement of Gary L. Thompson, and (3) the alleged ambiguity of the contracts do not create an issue of fact on the material issues before the court.

[4]Each document executed by Defendants provides that the agreement will be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. *See* Doc. 16, Ex. D, ¶ 4(f), Ex. E, ¶ 4(f), Ex. F, ¶ 5(j), Ex. G, ¶ 5(j), Ex. H, ¶ 5(j), & Ex. I ¶ 5(j).

[5]Saddle Creek Farms and the Trust executed a Loan and Security Agreement granting a security interest to Plaintiff in, among other things, the parties' respective receivables, accounts, investment property, general intangibles, and other rights to payment. *See* Doc. 16, Ex. M and N.

*Bank v. Corey*, 1991 WL 185714, * 1 (D. Mass. 1991).  Where the promissory note contains the phrase "for value received," such words constitute evidence of consideration.  *Baker v. Paeff*, 318 Mass. 366, 371 (Mass. 1945).[6]

Furthermore, where a guarantee contract is executed for consideration, "liability of the guarantor thereunder can be terminated only in accordance with the terms of the contract." *Merchants Nat'l Bank v. Stone*, 296 Mass. 243, 252 (Mass. 1936).  In this case, the terms of the four Guarantees provide:

> 1. <u>Statement of Guarantee</u>.  The Guarantor hereby irrevocably, absolutely, and unconditionally, guarantees to [Plaintiff] the full and punctual payment and performance, when due, and in accordance with their terms (at maturity, upon acceleration following default, or otherwise) of all of the foregoing (collectively, the "Obligations"), whether now existing or subsequently arising, (I) payment by Borrower of all principal and interest and other monetary obligations payable or arising under or in connection with the Loans...
>
> 2. <u>Nature of Obligations: Interest</u>.  (a) This Guarantee is a guarantee of payment and performance.  The obligations fo the Guarantor under this Guarantee are direct and primary obligations.  The liability of the Guarantor hereunder is independent of the Obligations...[7]

The evidence deemed admitted by Defendants establish that Saddle Creek and the Trust executed the Notes, received loan proceeds, and defaulted on the Notes.  Additionally, the admissions establish that Saddle Creek, the Trust, and Thompson executed the Guarantees and defaulted on their obligations.  Accordingly, judgment as a matter of law is proper as to the Notes and the Guarantees.

The only remaining issue is Plaintiff's request for attorneys' fees and expenses.  In Massachusetts, contract provisions related to the payment of attorneys' fees and expenses are

---

[6] Notes 1 and 2 begin with the verbiage "FOR VALUE RECEIVED."  *See* Doc. 16, Ex. D & E.

[7] *See* doc. 16, Ex. F-I, ¶¶ 1-2.

9

enforceable. *See, e.g., Carter v. Warren Five Cents Sav. Bank*, 409 Mass. 73, 80 (Mass. 1991). Notes 1 and 2 provide for the recovery of attorneys' fees and costs in the event of a default.[8] Additionally, Guarantees 1 through 4 guarantees payment of attorneys' fees and costs incurred by Plaintiff in connection with "the obligations."[9] Consequently, an award of attorneys' fees and costs is warranted in this case.

## CONCLUSION

Plaintiff's Motion for Summary Judgment is due to be **GRANTED**.  The court will enter a separate Order granting Plaintiff's Motion and requiring Plaintiff to submit a final accounting of the damages due pursuant to this Memorandum Opinion.

DONE and ORDERED this 23rd day of June, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[8] *See* doc. 16, Ex. D & E, ¶ 3.

[9] *See* doc. 16, Ex. F-I, ¶ 1(v).